UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA ANN MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-350-DDN |
| ) | |
| RIGHT NOW PLUMBING, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Barbara Ann Moore for leave to commence this civil action without payment of the required filing fee. (ECF No. 2). Having reviewed the financial information provided on plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds the motion should be granted. For the reasons explained below, the Court will dismiss this action for lack of subject matter jurisdiction. *See* Federal Rule of Civil Procedure 12(h)(3).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.   *Id.* at 679.   The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).   However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law.   *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.   *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On March 3, 2020, self-represented plaintiff Barbara Ann Moore filed this civil suit on a Court-provided form against the following defendants: Right Now Plumbing, St. Louis City Water, and Spire.   In her form complaint, plaintiff describes her allegations against each defendant as follows:

> Right Now promised to fix my main line for water, the water company knows there's no running water, they keep billing me.   Right Now ripped me off for 2,000 dollars.   Spire say I abandoned my property, No, I just refused gas.   The City is doing this upon retaliation for my lawsuite [sic] against them.

2

(ECF No. 1 at 5).

In the space designated for plaintiff to describe the relief she seeks from the Court, she states: "I'm seeking for them to stop billing so I can fix my property."

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed for lack of subject matter jurisdiction.

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking

3

if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff.  *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Here, plaintiff has indicated that the basis of this Court's jurisdiction is both federal question and diversity jurisdiction.  As explained below, however, neither federal question nor diversity of citizenship jurisdiction is apparent on the face of the complaint.

### A.  Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States."  *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015).  *See also* 28 U.S.C. § 1331.  Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016).  The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint.  *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017).  *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").  Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1331, federal question jurisdiction does not exist. Plaintiff alleges her federal question issue as "depriving services/billing non-services causing financial burden." Such an allegation does not arise under the Constitution, laws, or treaties of the United States. Additionally, none of the named defendants is alleged, or appears, to be a state actor and, thus, there can be no cause of action under 42 U.S.C. § 1983. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that pursuant to § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) *acted under color of state law*, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right") (emphasis added)).

### B. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." A "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, diversity jurisdiction does not exist. First, the amount in controversy does not exceed $75,000. Plaintiff alleges defendant Right Now Plumbing "ripped [her] off for 2,000 dollars" and she does not allege any monetary damages against defendants St. Louis City Water or Spire. Second,

5

plaintiff has not established diversity of citizenship because both she and the defendants are alleged to be citizens of the State of Missouri.

The Court is required to dismiss an action if it determines "at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). As discussed above, plaintiff's complaint against defendants Right Now Plumbing, St. Louis City Water, and Spire fail to state a jurisdictional basis. Plaintiff has not demonstrated that her claims arise under a federal statute, federal treaty, or constitutional provision. She has also failed to establish diversity of the parties or allege the proper jurisdictional amount. Therefore, this action must be dismissed for lack of subject matter jurisdiction.

### Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 3). The motion will be denied as moot as this action is being dismissed for lack of subject matter jurisdiction

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B); Federal Rule of Civil Procedure 12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED as moot**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of May, 2020.

                                                         E. RICHARD WEBBER
                                                         UNITED STATES DISTRICT JUDGE